IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:18-cr-434-L (2) |
| BOONCHAI DUMRONGSRI, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated January 21, 2020, United States District Judge Sam A. Lindsay has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Boonchai Dumrongsri should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Boonchai Dumrongsri is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 54.

## **Background**

Defendant is set for sentencing before Judge Lindsay on June 1, 2020. *See* Dkt. No. 55. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at \*1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On September 17, 2018, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 23.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion to Continue His Pre-Trial Release Pending Sentencing, in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 60.

The Court held a hearing on February 18, 2020 on the matters referred by Judge Lindsay, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 846. *See* Dkt. Nos. 41 & 54. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016)

("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18

U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 49], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion:

> 3. On September 17, 2018, Defendant was granted conditions of release subsequent to the Government's withdrawal of its Motion for Pretrial Detention. (Dkt.#23).
> 4. Counsel respectfully submits that the Court is entitled to rely on its original findings - that Defendant is neither a flight risk nor a danger to the community - given that Defendant has completed a full seventeen (17) months of pre-trial release without so much as the suggestion of any irregularity.
> 5. Counsel accordingly requests that the Court make the requisite finding that Defendant has proven by clear and convincing evidence that he is neither a flight risk nor a danger to the community.

Dkt. No. 60 at 2.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention

[pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains:

> 9. Over the course of the more than three decades of marriage that Defendant and his wife/codefendant – Sophia Liao – have shared, they have simultaneously borne the immense responsibility of caring for Ms. Liao's younger sister, Li Yen Liao ("Li Yen").
> 10. Li Yen suffers from severe mental illness with a primary diagnosis of schizophrenia; a 100% disabled, she is unable to care for herself and requires substantial supervision.
> 11. While acknowledging the wealth of precedent in which such family obligations have been deemed insufficient with which to satisfy the burden, the circumstances here are distinguishable based on the fact that both Li Yen's caretakers – as co-defendants – are equally imperilled. As a result of an order of detention here, Li Yen is certain to become a ward of the State. Certainly, to remove the only caretakers a deeply mentally ill person has known would be exceptional in one respect – exceptionally cruel.
> 12. In the instant case, the infliction of such a trauma is particularly unnecessary, given that a custodial sentence for Defendant here is so unlikely.
> 13. While not deigning to speak for the Government, counsel respectfully submits that Defendant constructively satisfies § 3143(a)(2)(A)(ii) in such a manner as to render the suggestion of his immediate incarceration wholly unjust.
> 10. In support of this contention, counsel respectfully calls the Court's attention to the Factual Resume (Dkt.#43), which reveals the limited nature of Defendant's liability as follows: "Dumrongsri admits that he distributed 1.7 grams of methamphetamine to an undercover officer...Dumrongsri admits that this is the only transaction he was involved in during the conspiracy."
> 11. In subsequent communications with the Government, counsel has confirmed the Government's position that these 1.7 grams are the extent of Defendant's relevant conduct.
> 12. Accordingly, a conservative estimate of Defendant's ultimate advisory guideline range suggests an overwhelming likelihood of a sentence of probation. Based on a base offense level of 16, after a three-level reduction for acceptance and two-level reduction for safety valve, Defendant arrives at a total offense level of 11, with an advisory guideline range of 8 - 14 months in Zone B.
> 13. Counsel respectfully submits this to be a conservative estimation as, having engaged in this sole transaction at the request of his wife/co-defendant who was unavailable to do it herself, Defendant appears to be the archetype contemplated by the Mitigating Role provisions of § 3B1.2, the application of which would further ensure a sentence of probation.
> ....

14. As this Court has cited approvingly, it has been held that "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" United States v. Thomas, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010).

15. The particular significance of this holding as applied to the instant case is manifest: it is hard to imagine a greater injustice than to incarcerate Defendant until sentencing, only to sentence him to probation. Particularly so where, as here, Defendant has such exceptional responsibilities to a loved one.

16. As the Fifth Circuit has noted, the statutory framework provided herein is "apparently designed to provide an avenue for exceptional discretionary relief from those provisions." U.S. v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991). Counsel respectfully submits that even if the bases herein are deemed to be not a perfect match to the respective statutes, taken in combination they warrant such exceptional discretionary relief, and that this Honorable Court so exercise it by continuing Defendant on conditions of release.

Dkt. No. 60 at 3-5.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The Court finds that the totality of the facts that Defendant Boonchai Dumrongsri urges as exceptional circumstances, including his compliance with all of his conditions of pretrial release and the possibility that he may receive a probationary sentence, are, taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary and in which Defendant's presentencing detention would not be appropriate.

## Conclusion

The Court finds that Defendant Boonchai Dumrongsri has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Boonchai Dumrongsri met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if she remains on release under 18 U.S.C. § 3142(c).

Defendant Boonchai Dumrongsri is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 23], pending his sentencing before Judge Lindsay.

SO ORDERED.

DATED: February 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE